*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 20**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Respondent,*

*v.*

SCOTT C. WADSWORTH
*Petitioner.*

No. 20150507
Filed April 4, 2017

On Certiorari to the Utah Court of Appeals

Third District, Salt Lake
The Honorable Judge Vernice S. Trease
No. 031908633

Attorneys:

Sean D. Reyes, Att'y Gen., Tera J. Peterson, Asst. Att'y Gen.,
Salt Lake City, for respondent

Debra M. Nelson, Salt Lake City, for petitioner

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE DURHAM, JUSTICE HIMONAS,
and JUSTICE PEARCE joined.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1 In this case we are asked to interpret the terms of a provision
of the Crime Victims Restitution Act, Utah Code section 77-38a-
302(5)(b).[1] That provision sets standards for the calculation of
"complete restitution." It states that "[i]n determining the monetary

---

[1] All citations to the Crime Victims Restitution Act are to the 2012
version, unless otherwise indicated.

sum and other conditions for complete restitution, the court shall consider all relevant facts, including" six enumerated categories of economic loss.[2] UTAH CODE § 77-38a-302(5)(b)(i)–(vi). At issue here is one of the six enumerated categories—subsection 302(5)(b)(iv), which states that "the court shall consider . . . the income lost by the victim as a result of the offense if the offense resulted in bodily injury to a victim." *Id.* § 77-38a-302(5)(b)(iv).

¶2 The question presented concerns the effect of the *if* clause in this provision—whether it sets an exclusive limit on the availability of restitution for lost income or states only an exemplary factor of possible relevance to the court's analysis. This distinction is a decisive one in this case, which involves a claim for restitution by the victim of a sex crime committed by Scott C. Wadsworth. The State does not allege that the victim suffered bodily injury as a result of

---

[2] Section 302(5)(b) provides in full as follows:

> (b) In determining the monetary sum and other conditions for complete restitution, the court shall consider all relevant facts, including:
> (i) the cost of the damage or loss if the offense resulted in damage to or loss or destruction of property of a victim of the offense;
> (ii) the cost of necessary medical and related professional services and devices relating to physical or mental health care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
> (iii) the cost of necessary physical and occupational therapy and rehabilitation;
> (iv) the income lost by the victim as a result of the offense if the offense resulted in bodily injury to a victim;
> (v) up to five days of the individual victim's determinable wages that are lost due to theft of or damage to tools or equipment items of a trade that were owned by the victim and were essential to the victim's current employment at the time of the offense; and
> (vi) the cost of necessary funeral and related services if the offense resulted in the death of a victim.

Wadsworth's crimes. It alleges only that Wadsworth's crimes led to the victim's depression, which required counseling and impacted her ability to work. The district court ordered Wadsworth to pay $12,934 in lost income in addition to restitution of the costs of the victim's counseling.

¶3 Wadsworth challenged the lost income award on appeal, asserting that lost income is not available under the Crime Victims Restitution Act unless "the offense resulted in bodily injury to a victim." *Id*. The court of appeals affirmed. It observed that the statute directs the court to consider "all relevant facts" in determining complete restitution. *State v. Wadsworth*, 2015 UT App 138, ¶ 21, 351 P.3d 826. And it interpreted the enumerated categories in section 302(5)(b) as merely exemplary and not exclusive, noting that they identify only factors that are "includ[ed]" in the "relevant facts" to be considered. *Id*. (quoting UTAH CODE § 77–38a–302(5)(b)). Thus, the court of appeals held that section 302(5)(b) contains "no express language limiting the list of relevant facts a court must consider when awarding restitution." *Id*. ¶ 21. And it accordingly affirmed the lost income award entered by the district court against Mr. Wadsworth.

¶4 We reverse. We read the *if* clause of section 302(5)(b)(iv) as limiting. Thus, we hold that lost income is available as a component of complete restitution only "if the offense" in question "resulted in bodily injury to a victim." UTAH CODE § 77-38a-302(5)(b)(iv).[3]

¶5 The *if* clause expresses a condition.[4] It says that the court may consider "the income lost by the victim as a result of the offense *if* the

---

[3] The statute was recently amended. It now provides generally for consideration of "the income lost by the victim as a result of the offense," without any restriction to cases in which "the offense resulted in bodily injury to the victim." UTAH CODE § 77-38a-302 (2016). But this case is governed by the previous version of the statute. And the amendment tells us nothing of relevance to the meaning of the terms of the applicable statute. *See Dorsey v. Dep't of Workforce Servs.*, 2014 UT 22, ¶ 23, 330 P.3d 91 (concluding that "a subsequent amendment is rarely helpful in discerning the meaning or intent" of a statute because amendments "often leave[] room for either of two alternative inferences"—that the legislature "sought to confirm its longstanding understanding or intent, or it thought better of a matter once resolved and sought later to revise it").

[4] *See Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990) (concluding, in a contract interpretation context,

offense resulted in bodily injury." *Id.* (emphasis added). And the bodily injury requirement holds *as a condition* only if it is an exclusive criterion—the *sine qua non* of a lost income award. We deem it as such.

¶6 The court of appeals' contrary conclusion robs the statute's *if* clause of its plain meaning. If lost income is available even absent evidence of bodily injury, then it cannot be said that the court may consider "the income lost by the victim as a result of the offense" only "if the offense resulted in bodily injury to the victim." *Id.* We reverse the court of appeals on that basis. We hold that section 302(5)(b)(iv) means what it says—"income lost by the victim" may be considered only "if the offense resulted in bodily injury."

¶7 This conclusion follows from the *expressio unius* canon of construction—the presumption "that the statutory expression of one term or limitation is understood as an exclusion of others." *Nevares v. M.L.S.*, 2015 UT 34, ¶ 31, 345 P.3d 719. This presumption is perhaps at its height in the context of an "if-then" statement like the one at issue here. This is an unequivocal statement of a condition. And the condition would be eviscerated if we were to read the expressed condition as exemplary and not exclusive.

¶8 The statute, as the court of appeals noted, directs the court to "consider all relevant facts" in assessing "complete restitution." UTAH CODE § 77-38a-302(5)(b). And it sets forth a list of considerations that are "includ[ed]" among the "relevant facts" that the court may take into account. *Id.* With that in mind, we agree with the court of appeals to some extent. Section 302(5)(b) does not state an *exclusive* "list of relevant facts a court" may "consider when awarding restitution." *Wadsworth*, 2015 UT App 138, ¶ 21. The list is undoubtedly *exemplary*—an indication of some of the considerations that may be relevant to an assessment of "complete restitution."

---

that "if" is standard "conditional language"); *BSA 77 P St. LLC v. Hawkins*, 983 A.2d 988, 994 (D.C. 2009) (same); *N.Y. Bronze Powder Co. v. Benjamin Acquisition Corp.*, 716 A.2d 230, 233 n.2 (Md. 1998) (same); *Weber v. N. Loup River Pub. Power & Irrigation Dist.*, 854 N.W.2d 263, 271 (Neb. 2014) (same); *see also* BRYAN A. GARNER, GARNER'S MODERN ENGLISH USAGE 480 (4th ed. 2016) (stating that "if" is used to express "a conditional idea"); THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 874 (5th ed. 2011) (defining "if" as "[i]n the event that"); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 1124 (2002) (same).

¶9 But that does not mean that the listed considerations are without any limiting effect. In interpreting section 302(5)(b) we must consider all of the statute's terms. And those terms include not only the "all relevant facts" and "including" provisos, but also the conditional statement that lost income is to be considered "if the offense resulted in bodily injury to a victim." UTAH CODE § 77-38a-302(5)(b)(iv). That statement, as noted, is meaningless unless it limits the consideration of lost income to a case in which "the offense resulted in bodily injury to a victim." So, to give effect to that provision we must enforce that limitation. And, to give effect to the "all relevant facts" and "including" provisos, we must also interpret the statute's list as exemplary and not comprehensive.

¶10 Our interpretation gives effect to both sets of provisions. Thus, we agree that section 302(5)(b) does not prescribe a comprehensive "list of relevant facts" that may be considered in assessing complete restitution. *Wadsworth*, 2015 UT App 138, ¶ 21. But we also conclude that the listed considerations may be limiting as far as they go.[5]

¶11 We reverse on that basis. In this case the State sought restitution for "income lost by the victim as a result of the offense" but did not allege that "the offense resulted in bodily injury." UTAH CODE § 77-38a-302(5)(b)(iv). We accordingly reverse in light of the statutory limit on lost income restitution in section 302(5)(b)(iv). We hold that restitution for lost income is not available in this case because there was no allegation that Wadsworth's offense "resulted in bodily injury" to the victim.

––––––––––––––

[5] Another example is subpart (v) of section 302(5)(b). Under that provision the court may consider "up to five days of the individual victim's determinable wages that are lost due to theft of or damage to tools or equipment items of a trade that were owned by the victim and were essential to the victim's current employment at the time of the offense." UTAH CODE § 77-38a-302(5)(b)(v). That provision makes sense only if it is understood as limiting. Surely the statement that the court may consider "up to five days" of lost wages for theft of tools is an indication of a five-day cap. So this is another indication of the above-noted structure of section 302(5)(b): the items on the list are merely exemplary, but they may establish limits on the matters they address.